## J. S. Livingston *v.* The State.

1. Carrying Arms near a Poll on an Election Day. — The appellant being on trial for carrying a gun within half a mile of a voting place while the polls were open, he offered to prove that his life had been threatened and was in danger. *Held*, that the proof was correctly excluded, because the statute makes no exception in favor of persons so circumstanced.

2. Repeal — Re-enactment. — "An act regulating elections," approved August 23, 1876, expressly repealed "An act regulating elections," approved March 31, 1873, and contains no saving clause respecting past offenses violative of the act of 1873. But the 25th section of the act of 1876 is a literal copy of the 31st section of the act of 1873. *Held*, that the act of 1876 virtually reënacts section 31 of the act of 1873, and, therefore, its repeal of

that act does not condone offenses, violative of that section, committed while the act of 1873 was in force.

8. No CONSTITUTIONAL objection to the act of 1876 "regulating elections" is perceived.

APPEAL from the County Court of Hamilton. Tried below before the Hon. D. C. SMITH, County Judge.

*Eidson & Pierson*, for the appellant, questioned the constitutionality of section 25 of the act of 1876, insisting that the title of the act did not cover its provisions.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. The defendant was indicted, tried, and convicted for carrying a gun during the hours the polls were open, within a distance of one-half a mile of a place of election in Hamilton County, on February 15, 1876, being then and there a day of election.

Powell, a witness for the state, stated that he saw the defendant at Evergreen, a voting box, which is a place of election in the county of Hamilton, on February 15, 1876, carrying a gun at, around, and within a distance of one-half mile of the said place of election, during the hours the polls were open, the said February 15, 1876, being a day of an election. That the defendant created no disturbance, but was conducting himself quietly and peaceably.

It is shown by a bill of exceptions that the defendant, on the trial in the District Court, offered to prove, " first, that the life of defendant was threatened at or about the time the offense is alleged to have been committed; second, that the defendant's life was in danger at the time the offense was charged to have been committed, and that the defendant carried the gun to protect his life." The counsel for the state objected to the admission of the above

testimony, and his objections were sustained by the court. We find no assignment of errors in the record.

The statute punishing the carrying of arms within one-half mile of the place of election makes no exception or reservation in favor of such class of cases. The offense, as shown by evidence, was committed while the act of March 31, 1873, was in force. See Acts Thirteenth Legislature, 1873, p. 29, sec. 31. The 25th section of the act approved August 23, 1876, is a literal copy of section 31 of the act of March 31, 1873. See Acts Fifteenth Legislature, 1876. The new act took effect at the same time the act of 1873 was repealed; which was a virtual reënactment of the former law. We believe the last act is constitutional.

The judgment of the lower court is affirmed.

*Affirmed.*